UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLYN M. MACHONIS, O.T., PLLC, and on behalf of itself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>UNIVERSAL SURVEY CENTER, Inc. d/b/a OpinionSite, a Delaware corporation,<br><br>*Defendant*. | Case No. 1:18-cv-10978<br><br>**CLASS ACTION** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Carolyn M. Machonis, O.T., PLLC ("Machonis" or "Plaintiff") brings this Class Action Complaint against Defendant Universal Survey Center, Inc. d/b/a OpinionSite ("OpinionSite" or "Defendant"), to stop its practice of sending unsolicited fax advertisements, and to obtain redress for all persons and entities similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

**NATURE OF THE ACTION**

1.   OpinionSite is a data collection company.  It offers marketing, survey programming, and other research services to customers throughout the United States.

2.   This case challenges Defendant's practice of sending unsolicited fax advertisements to healthcare professionals and consumers.

3.   OpinionSite's faxes solicited recipients' survey taking skills in return for a fee as part of Defendant's effort to commercialize and profit from its data collection services. *See, e.g.,* a copy of the fax advertisement OpinionSite sent to Plaintiff, which is attached as Exhibit A.

1

4. The faxes also announced the commercial availability and touted the quality of OpinionSite's services, declaring: "OpinionSite connects healthcare professionals … to organizations interested in gathering insights on important medical issues critical to improving the future healthcare landscape."

5. Defendant sent the faxes at issue to Plaintiff and the Class without their consent and without an established business relationship with them.

6. As such, Defendant's fax advertisements violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and caused Plaintiff and putative members of the Class to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, and increased labor expenses.

7. Accordingly, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized fax-based marketing activities, as well as an award of statutory damages and costs.

## PARTIES

8. Plaintiff Carolyn M. Machonis, O.T., PLLC is a New York professional limited liability company with its principal place of business in Mahopac, New York.

9. Defendant OpinionSite is a Delaware corporation with its principal place of business in New York, New York.

## JURISDICTION & VENUE

10. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

11. The Court has personal jurisdiction over Defendant and venue is proper in this District because the wrongful conduct giving rise to Plaintiff's cause of action arose and emanated from this District and because Defendant is headquartered in this District.

## COMMON FACTUAL ALLEGATIONS

12. Defendant is a for-profit company that provides data collection services for companies by, among other things, conducting consumer and professional surveys.

13. As part of an overall marketing plan to advertise its programs and services, OpinionSite sends unsolicited faxes to healthcare professionals and their organizations soliciting them to complete surveys in exchange for money – surveys that OpinionSite in turn sells the results of to other organizations.

14. For example, in the fax advertisement OpinionSite sent Plaintiff, OpinionSite offered compensation of $100 for Plaintiff's survey-taking services, and declared the availability and quality of its data collection services for organizations:

> Attention: **Office Managers,**
>
> OpinionSite connects healthcare professionals, like yourself, to organizations interested in gathering insights on important medical issues critical to improving the future healthcare landscape. We have a new research opportunity that we think may be of interest to you!
>
> **Survey Topic:** Vaccines Study          **Survey Length:** 30 Minutes
>
> **You will be compensated $100 for your time.**

15. Not surprisingly, given the unsolicited nature of OpinionSite's marketing scheme, there are numerous consumer complaints regarding its practices.[1]

16. Put simply, Defendant's fax advertisements solicited recipients for a commercial transaction, and were sent with the intent of selling Defendant's services to organizations and otherwise profiting from its business.

17. Defendant used a telephone facsimile machine, computer, or other device to send the fax advertisements at issue.

---

[1] http://www.opinionsite.com/googlereviews

18. OpinionSite sent and continues to send these fax advertisements without recipients' consent and without an existing business relationship with recipients, and despite the fact that the advertisements did not contain the opt-out notice required by the TCPA.

## FACTS SPECIFIC TO PLAINTIFF

19. On September 26, 2018, OpinionSite sent Plaintiff Machonis an unsolicited fax advertisement without an appropriate opt out notice. *See* fax advertisement attached as Exhibit A.

20. Plaintiff never consented to receiving fax solicitations from OpinionSite and did not have an existing business relationship with OpinionSite.

## CLASS ACTION ALLEGATIONS

21. **Class Definition:** Plaintiff Machonis brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of the following Class:

> All persons and entities who, on or after four years prior to the filing of the initial complaint in this action, (1) received a fax soliciting the recipient to complete a survey, (2) sent by or on behalf of OpinionSite, and (3) from whom Defendant (a) claims it obtained prior express consent to send fax advertisements in the same manner Defendant claims it obtained prior express consent to send fax advertisements to Plaintiff, or (b) does not claim to have obtained prior express consent.

The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class

4

definitions following appropriate discovery.

22. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Class. Class membership can be easily determined from Defendant's records.

23. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained the same damages as a result of Defendant's uniform wrongful conduct.

24. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   a) How Defendant gathered, compiled, or obtained the fax numbers of Plaintiff and the Class;

   b) Whether Defendant's faxes solicited a commercial transaction;

   c) Whether Defendant sent the faxes without first obtaining Plaintiff and the Class's consent to do so; and

   d) Whether Defendant's conduct was willful such that Plaintiff and the Class are entitled to treble damages.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26. **Policies Generally Applicable to the Class**: This class action is appropriate for

certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

27. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Class)**

28. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited

advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

30. Additionally, under 47 C.F.R. § 64.1200, fax advertisements must include an opt-out notice that:

    a. is clear and conspicuous and on the first page of the advertisement;

    b. states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request is unlawful;

    c. sets forth the legal requirements for an opt-out request;

    d. includes: (i) a domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and (ii) if neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or email address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement; and

    e. permits an individual or business to make an opt-out request 24 hours a day, 7 days a week.

31. Defendant sent unsolicited fax advertisements without an appropriate opt-out notice to Plaintiff and members of the Class without their consent to do so and without an existing business relationship with them.

32. By sending the unsolicited advertisement faxes at issue to Plaintiff and members of the Class without their prior express invitation or permission, Defendant violated 47 U.S.C. § 227(b)(1)(C).

33. As a result of Defendant's conduct, Plaintiff and the members of the Class suffered actual damages, including the conversion or loss of paper and toner consumed in

the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, other costs associated with receiving the faxes, as well as increased labor expenses.

34. Plaintiff and the Class are therefore entitled to a minimum of $500 in damages for each violative fax Defendant sent. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should treble the amount of statutory damages.

35. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction to ensure that Defendant's violations of the TCPA do not continue into the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Carolyn M. Machonis, O.T., PLLC, on behalf of itself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Carolyn M. Machonis, O.T., PLLC as the representative of the Class, and appointing its counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An award of statutory damages;

D. An award of pre-judgement interest and costs; and

E. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a jury trial of its claim.

Respectfully Submitted,

**CAROLYN M. MACHONIS, O.T., PLLC**,
individually and on behalf of all others similarly situated,

8

Dated: November 21, 2018   By:    /s/ Stefan Coleman
                                                  One of Plaintiff's Attorneys

Stefan Coleman
(Law@stefancoleman.com)
LAW OFFICES OF STEFAN COLEMAN, P.A.
5 Penn Plaza, 23rd Floor
New York, NY 10001
Telephone: (877) 333-9427
Facsimile: (888) 498-8946


Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the Class*

\* *Pro Hac Vice* Admission to Be Sought

9